Mr. Justice Olin
stated the case, and delivered the opinion of the court:
This cause comes before us upon a certificate of the justice holding the criminal court, as is claimed under and in pursuance of the 5th section of the act of March 3, 1863, organizing the supreme court of this District. (See 12 U. S. Statutes at Large, p. 763.)
The facts in the case are these :
An information was filed in the police court of this District to enforce the provisions of an act of the legislative assembly of the District, passed June 23,1873, entitled “ An act to regulate shows and exhibitions in the sale and disposal of seats.” The act is as follows:
“ Be it enacted by the legislative assembly of the District of Columbia, That after opening for the reception or entertainment of persons attending any theatrical exhibition,, public show, or amusement, of whatever name of nature, within the District of Columbia, for which money or other reward is in any manner demanded or received, it shall be unlawful for any person or persons to sell or dispose of, or to permit the sale or disposal of, such tickets or seats so as to- *583 reserve particular seats in either portion of said show, theater, or exhibition to any individual, orto mark or describe as reserved or taken, any seat or seats which have not been reserved by the sale of tickets therefor previous to the opening of such exhibition, show, or place of amusement.”
The second section of the act requires the act to be printed, framed, and posted in some conspicuous place on the door of the theater, or other place of amusement.
The third section imposes a fine of not less than 85, nor more than $10, for a violation of this'act.
The offense, if any was committed, consisted in a violation of the provisions of the first section of the act. This section as applied to the case before us, stripped of unnecessary verbiage, is to this effect: No proprietor of a theater shall, after the door of such theater is open for the reception of spectators, sell tickets so as to reserve particular seats, or to mark or describe as reserved or taken, any seats which have not been reserved by the sale of tickets therefor previous to the opening of such exhibition. In short, the provision is, that when the doors of the theater are opened for the reception of spectators, whoever purchases a ticket to enter the same may plant himself in any unoccupied seat he can discover, unless the proprietor can convince him that the seat he had selected had been sold prior to the time of opening the doors of the theater for the reception of spectators, or at least before the commencement of the exercises, and this without reference to the fact whether the spectator purchased a ticket for twenty-five cents, which would entitle him to a seat in the upper gallery, or whether he paid the price of the-most desirable seat in the house.
Indeed, if this law can be enforced, it is made a penal offense for the manager or proprietor to reserve-for the use of his friends or patrons a few desirable seats, who, he thinks, by their presence and approbation might give success to his entertainment.
He cannot, however, reserve these seats if not sold before the commencement of the exhibition. Nay, under this section the proprietor or manager of a theater could not reserve his private box for himself and family without incurring the penalty imposed in the third section of the act.
*584 The provisions of the act are attempted to be justified on the ground that it is a mere police regulation, and as such, within the competence of the late legislative assembly to enact. We are all of the opinion that the act has nothing whatever of the character of a police regulation, but on the contrary that it is an unwise, vexatious, and unlawful interference with the rights of private property.
The information filed in this case should be quashed.